[Alabama Great Southern Railway Co. v. Hudson.]

# Alabama Great Southern Railway Co. *v.* Hudson.

### *Injury to Servant.*

#### (Decided Dec. 16, 1909.   51 South. 399.)

*Master and Servant; Injury to Servant; Action; Evidence.*—
The servant was injured by being hit in the eye by a piece of the
head of an old spike which was being driven into a cross tie, and it
appeared that the servant selected the spike from others that had
been removed from old ties and there was no evidence of other neg-
ligence of the defendant or of its foreman. Held, the plaintiff was
not entitled to recovery.

APPEAL from DeKalb Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by Mike Hudson against the Alabama Great
Southern Railway Company for damages for injuries
received while in its employment. Judgment for plain-
tiff and defendant appeals. Reversed and remanded.

GOODHUE & BLACKWOOD, for appellant.—The princi-
ples expressed in *Gaynor v. Southern Ry.,* 44 South. 652,
are decisive and controlling in this case.   See also,
*Coosa M. Co. v. Williams,* 133 Ala. 609; *Byrd v. Indian
Head Mills,* 131 Ala. 356; *Sloss-S. S. & I. Co. v. Knowles,*
129 Ala. 410; *Anderson v. Clark,* 155 Mass. 368. We al-
so call attention to the case of *L. & N. v. Stutts,* 105 Ala.
368.

JOHN A. DAVIS, and BILBRO, INZER & STEPHENS, for
appellee.—Under the evidence in this case, it was prop-
er to leave the question of negligence to the jury.—1
Labatt 935; 7 A. & E. Ency of Law, pp. 394-6; *Kane
v. N. C. R. R. Co.,* 128 U. S. 91. The spike in question
was a part of the works, ways, etc.—*Going v. Ala. S.
& W. Co.,* 141 Ala. 537.

[Alabama Great Southern Railway Co. v. Hudson.]

MAYFIELD, J.—Appellee was an employe, a section hand, of the appellant railroad company, and at the time of the injuries and wrongs of which he complains was engaged with a number of fellow servants in repairing the appellant's railroad track; the particular work at the time being in taking out old and decayed cross-ties and substituting new ones. In doing this it was, of course, necessary to draw the iron spikes or nails from the old ties. These spikes, so drawn, were used in spiking down the new ties. The spikes were put to one side, at a convenient place, by any and all of the hands, when removed from the old ties, so they could be used again as soon as the new tie was put under the rails. These spikes were driven by section hands with large hammers; two of the section hands driving each spike at the same time. Any of the section hands would pick up one of these spikes thus withdrawn from the old ties, hold it in his hand, and tap it so as to start it into the new tie, then he and his partner would drive it into the new tie, so that the head of the spike would clasp the flange of the rail and thus hold it in place. The appellee had been engaged in this particular kind of work for about a month in this particular manner.

On the occasion of the injury he had picked up one of these spikes, thus withdrawn and placed to one side to be used again, and placed the sharp end on the new tie, setting it so the head would clasp the bottom of the rail when driven into the tie, and hit it one lick himself, to start it, and then his striking partner hit it, and they both began to drive it, striking it alternately with their hammers. Just before it was driven up to the head, and as appellee's partner hit it, a piece of the head of the spike flew off, hitting appellee in the eye, severely and painfully injuring his eye. It is not made certain

by the evidence whether the appellee or another of the section hands pulled this particular spike and placed it for use again. Appellee was the only witness examined as to the accident, and he is uncertain whether he drew it and placed it aside for use again, but was certain that either he or one of the other section hands drew and placed it aside for use. It is however, certain that whatever selecting was done, as to this particular spike, from the others, it was done by the appellee himself. If there was any negligence at all on the part of the defendant or of its foreman in selecting or furnishing defective or unfit spikes or nails, it was in using the old spikes, instead of furnishing or providing new ones. Defendant had a section foreman who was in charge and control of the particular work and of the particular crew of which appellee was one.

The complaint contained three counts. The first was under the first subdivision of the employer's liability act (Code 1907, § 3910), alleging that a defective nail or spike was a part of the ways, works, and machinery of the railroad. The second count was under the second subdivision of the employer's liability act, and alleged negligence on the part of the section foreman, as superintendent, while in the exercise of such superintendence, in furnishing or selecting a defective spike. The third count was under the common law as for failure to furnish suitable tools or appliances, in that a defective nail or spike was furnished. Demurrers were interposed to the complaint, and were overruled; but the record does not show the demurrers, and no error is assigned as to rulings thereon. The defendant interposed the plea of the general issue, and a great number of special pleas. Demurrers were sustained to a great number, and overruled as to a great many. These special pleas upon which issue was joined set up contrib-

[Alabama Great Southern Railway Co. v. Hudson.]

utory negligence and assumption of risk on the part of plaintiff. The trial was had upon these issues, and resulted in a verdict and judgment for plaintiff, from which defendant appeals, and assigns as errors the refusal of the court to give each of four written charges requested by defendant. The first three were, respectively, the general affirmative charge for defendant as to each of three counts, and the fourth the refusal of that as to the complaint.

The court clearly erred in refusing to give each of these requested charges. The evidence did not show, or even tend to show, any actionable negligence on the part of the defendant or of its section foreman, which was relied upon and which was necessary to support a verdict for plaintiff. If there could be said to be any doubt about this, there certainly can be none that some one or more of the pleas of contributory negligence or assumption of risk, which answered each count of the complaint, was proven without conflict and by the evidence of the plaintiff himself; and this was the only evidence, except that of the physician, as to the character and extent of the injuries received.

We do not pass upon the sufficiency of the complaint, nor that of the pleas, because not authorized nor required to do so on this appeal,; and we do not decide that a spike or nail, at the time it is being driven into a cross-tie, is a part of the ways, works, or machinery of a railroad.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.